**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:12-CR-0130 |
| v. | (JUDGE CAPUTO) |
| SHAWN LUTHER KELLEY | |

### MEMORANDUM

Presently before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 72) filed by Petitioner Shawn Luther Kelley ("Petitioner"), proceeding *pro se*. For the reasons that follow, Petitioner's § 2255 Motion will be denied.

### I. Background

**A.   Relevant Factual and Procedural Background**

On May 15, 2012, Petitioner was indicted for three Counts of bank robbery, in violation of 18 U.S.C. § 2113(a). (Doc. 1.) Pursuant to a plea agreement, on October 21, 2013, Petitioner pled guilty to all three Counts in the Indictment. (Docs. 48 & 53.) On January 23, 2014, the Court sentenced Petitioner to 100 months imprisonment on each of Counts I, II, and III, to be served concurrently. (Doc. 59.) Petitioner did not appeal his sentence.

On June 23, 2016, Petitioner filed the instant § 2255 Motion, raising one ground for relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). (Doc. 72.) Petitioner claims that the offense level used in calculating his sentencing guideline range under the United States Sentencing Guidelines (the "Guidelines") was increased due to a robbery he committed in the year 2000. When liberally construed, Petitioner's Motion argues that his prior crime of robbery was found to be a "crime of violence" as defined under the "residual clause" in the Guidelines, and consequently his sentencing guideline range was increased based on an enhanced offense

level as a career offender. Presumably, Petitioner contends that the offense level used in calculating his sentencing guideline range is inappropriate because the residual clause is unconstitutional under the vagueness principles set forth in *Johnson*, and Petitioner's prior crime of robbery does not otherwise constitute a "crime of violence" under the Guidelines. Pursuant to Standing Order 15-6, the Court appointed the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent Petitioner. (Doc. 73.) On July 15, 2016, the Federal Public Defender filed a motion to withdraw as counsel in proceedings related to *Johnson*, concluding that Petitioner was not sentenced as a career offender under the Guidelines. (Doc. 74.) The Court granted counsel's motion and stated that it would rule on Petitioner's § 2255 Motion in due course. (Doc. 75.) On August 3, 2016, the Court directed Petitioner to make a "*Miller*" election, providing him with an opportunity to withdraw his § 2255 Motion without prejudice. (Doc. 76.) The "*Miller*" Order specifically stated that if Petitioner failed to notify the Court about his decision within forty-five (45) days from the date of the Order, the Court would rule on his § 2255 Motion as filed. (*Id.* at 2.) To date, Petitioner has not contacted the Court since it issued its "*Miller*" Order.[1]

**B.   The *Johnson* and *Beckles* Decisions**

The Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, and an increased sentence imposed under that clause therefore violated the guarantee of due process. 135 S. Ct. at 2563. The residual clause in the ACCA defined a "violent felony" as a crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents

---

[1] Because Petitioner has failed to respond to the Court's "*Miller*" Order within the prescribed time frame, it is appropriate for the Court to rule on the Petitioner's Motion as presented. *See United States v. Miller*, 197 F.3d 644, 652 n.7 (3d Cir. 1999).

a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).[2] The Court subsequently held that the *Johnson* decision announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016). In light of this decision, courts have been confronting whether provisions using similar or identical language as the ACCA's residual clause must also be struck down as unconstitutionally vague.

However, the Supreme Court recently held that its decision in *Johnson* does not authorize vagueness challenges to the Guidelines. *Beckles v. United States*, __ S. Ct. __, 2017 WL 855781, at *6 (Mar. 6, 2017). Accordingly, although the residual clause in the Guidelines used identical language as the ACCA's residual clause, U.S.S.G. § 4B1.2(a)(2),[3] the Supreme Court expressly held that "the residual clause in § 4B1.2(a)(2) . . . is not void for vagueness." *Beckles*, 2017 WL 855781, at *6.

## II. Legal Standard

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was

---

[2] Under the ACCA, a person who violates 18 U.S.C. § 922(g) and has three or more previous convictions for a "violent felony" is subject to an increased prison term of a minimum of fifteen years and a maximum of life. In *Johnson*, the Supreme Court invalidated the residual clause definition of a "violent felony" as unconstitutionally vague. 576 U.S. __, 135 S. Ct. 2551, 2555-56, 2563 (2015).

[3] Subsequent to the Supreme Court's decision in *Johnson*, the United States Sentencing Commission unanimously voted to adopt an amendment to the Guidelines, which, *inter alia*, eliminated the "residual clause." *See United States v. Calabretta*, 831 F.3d 128, 134 n.7 (3d Cir. 2016). The amended version of the Guidelines became effective August 1, 2016. *See United States v. Parks*, No. 3:15-CR-0152, 2017 WL 679945, at *2 (M.D. Pa. Feb. 21, 2017).

without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." *See also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing and without requiring a response from the Government where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *see also United States v. Hernandez*, No. 3:CR-02-282, 3:CV-05-573, 2005 WL 3179920, at *1 (M.D. Pa. Nov. 29, 2005).

### III. Discussion

Petitioner rests his § 2255 Motion on the Supreme Court's decision in *Johnson*. (*See* Doc. 72, at 5 (raising only one ground for relief).) Specifically, Petitioner argues that the offense level used in calculating his sentencing guideline range was increased due to a prior "crime of violence"–a robbery he committed in 2000. (*Id.*)

However, even when liberally construed, Petitioner's Motion has no merit. As a preliminary matter, Petitioner pled guilty to three Counts of bank robbery in violation of 18 U.S.C. § 2113(a).[4] He was not sentenced under the ACCA or any other statute that is

---

[4] The statutory language of § 2113(a) states:
> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

potentially susceptible to a vagueness challenge under *Johnson*. *See In re Lott*, 838 F.3d 522, 522-23 (5th Cir. 2016) (mem.) (concluding *Johnson* had "no bearing" on petitioner's conviction for bank robbery under § 2113(a) because the statute "do[es] not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*"). Thus, *Johnson* has no application to Petitioner's conviction for three Counts of bank robbery.

Additionally, Petitioner was not sentenced as a career offender under the Guidelines. (*See* Presentence Report at 10, Doc. 77 (noting no Chapter Four Enhancements); T.R. 3:6-13, Doc. 68 (adopting the Guideline calculation set forth in the Presentence Report).) Accordingly, Petitioner's claim that his offense level was impacted by the residual clause in the Guidelines has no merit. Moreover, the Supreme Court has now expressly held that the Guidelines are not susceptible to a vagueness challenge under the Due Process Clause, and, specifically, "that *Johnson*'s vagueness holding does not apply to the career-offender provisions of the [Guidelines]." *United States v. Ramos*, __Fed. Appx.__, 2017 WL 894428, at *2 (10th Cir. Mar. 7, 2017) (citing *Beckles*, 2017 WL 855781, at *6).

As such, Petitioner's *Johnson* claim with respect to his sentencing guideline range fails on the merits, and his § 2255 Motion will be denied.

## IV. Conclusion

For the above stated reasons, Petitioner's § 2255 Motion (Doc. 72) will be denied. In proceedings brought pursuant to 28 U.S.C. § 2255, an applicant cannot appeal to the

---

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny–
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

circuit court unless a certificate of appealability ("COA") has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." Restated, a COA should not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not disagree with the resolution of Petitioner's § 2255 Motion, a COA will not issue.

      An appropriate order follows.

March 22, 2016  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge